RECEIVED
IN LAKE CHARLES, LA

AUG 19 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 03 CR 20066-06 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| ADETILEWA O. THOMAS | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM ORDER

The defendant, Adetilewa O. Thomas, pleaded guilty to Count 2 of the Superseding Indictment which charged him with Mail fraud in violation of 18 U.S.C. §1341. As a part of his sentence, the defendant was ordered to pay Capital One Bank $18,942.02 in restitution. Currently before the court is a "Motion to Discuss Restitution or Modification of Restitution" [doc. 234] by Thomas. Thomas asserts that he is currently incarcerated at the Federal Detention Center in Oakdale and is awaiting deportation. Thomas asserts that, in the event of his release, he will have difficulty in effectuating the monthly restitution payments of $541.00 which have been ordered by the court. Thomas alleges that he will be in school and attempting to "start his life anew." Therefore, Thomas is asking that the court dismiss or modify the order of restitution.

According to the presentence report, Thomas has a steady employment history since arriving in the United States. He has been attending college and is studying computer information systems. It is thus reasonable to assume that he will have a significant earning potential after his release from prison. While meeting the payment schedule may require considerable frugality on Thomas's part, the payment schedule is reasonable in light of Thomas's financial circumstances. Thomas did not

object to the amount of restitution at sentencing. The court did not require that interest be paid on the amount of restitution owed. Thomas make no allegation that this court failed to consider one of the mandatory financial factors in ordering the payment schedule. See 18 U.S.C. §3664(f)(2).

Thomas has limited debt and he has no dependents. Thomas's earnings were low at the time of sentencing and he had no assets, but he has supported himself in the past. If Thomas finds himself unable to make payments under the schedule at some point in the future, after he has been released from incarceration and is actually attempting to make payments, the district court may adjust the schedule "as the interests of justice require." 18 U.S.C. § 3664(k) at that time. *United States v. Caldwell*, 302 F.3d 399, 420-421 (5th Cir. 2002).

The defendant's restitution payments do not begin until thirty days after he begins supervised release, therefore this motion is premature and IS DENIED.

Lake Charles, Louisiana, this ___ day of August, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE